# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| UNILOC 2017 LLC, § <br> § <br> Plaintiff § <br> § <br> v. § <br> § <br> GOOGLE LLC, § <br> § <br> Defendant. § <br> § | Civil Action No.  2:18-cv-501-JRG-RSP <br><br> JURY TRIAL DEMANDED |

## DEFENDANT GOOGLE LLC'S OPPOSITION TO MOTION TO STRIKE
## INVALIDITY CONTENTIONS

## TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................................... 1

II. BACKGROUND ............................................................................................................. 1

III. ARGUMENT ................................................................................................................... 2

    A. Google's Invalidity Contentions Are Consistent with the Local Patent Rules ................................................................................................................... 2

        1. Google Properly Identified Its Obviousness Theories ............................... 2

            a. Google's Obviousness Combinations Are Sufficiently Disclosed ....................................................................................... 3

            b. Google Has Sufficiently Identified Its Motivations to Combine Its Identified References .................................................. 5

            c. Google Has Properly Identified Which Asserted Claims Are Met By Its Obviousness Combinations .................................. 7

        2. Google's Section 112 Challenges Are Compliant With the Local Patent Rules ............................................................................................... 7

        3. Voluminous Contentions Are Not Evidence of Lack of Notice or Specificity ................................................................................................... 8

        4. Google Has Adequately Asserted Its Anticipation Theories ..................... 8

    B. Uniloc Failed to Comply With Procedural Requirements ..................................... 9

    C. There Is No Basis Or Need to Strike Google's Invalidity Contentions ................ 11

IV. CONCLUSION .............................................................................................................. 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*0912139 B.C. Ltd. v. Rampion USA Inc.*,
  No. C18-1464-JLR, 2019 WL 3082290 (W.D. Wash. July 15, 2019) ........................................9

*Anascape, Ltd. v. Microsoft Corp.*,
  No. 9:06-cv-158, 2008 WL 7180756 (E.D. Tex. May 1, 2008) ................................................8

*CyWee Grp. Ltd. v. Samsung Elecs. Co.*,
  No. 2:17-cv-140-WCB, 2018 WL 4100760 (E.D. Tex. July 2, 2018).......................................9

*Elbit Sys. Land & C4I Ltd v. Hughes Network Sys., LLC*,
  No. 2:15-cv-37-RWS-RSP, 2016 WL 9307563 (E.D. Tex. Sept. 27, 2016) ........................3, 4

*Innogenetics, N.V. v. Abbott Labs.*,
  512 F.3d 1363 (Fed. Cir. 2008).................................................................................................7

*Medtronic, Inc. v. AGA Med. Corp.*,
  No. C-07-0567 MMC (EMC), 2009 WL 513370 (N.D. Cal. Mar. 2, 2009) .............................9

*Mobility Workx, LLC v. Cellco P'ship*,
  No. 4:17-cv-00872, 2019 WL 5721814 (E.D. Tex. Nov. 5, 2019)..........................................11

*Personal Audio, LLC v. Togi Entm't, Inc.*,
  No. 2:13-cv-13-JRG-RSP, 2014 WL 12617798 (E.D. Tex. Aug. 6, 2014)..........................4, 6

*Personal Audio, LLC v. Togi Entm't, Inc.*,
  No. 2:13-cv-13-JRG-RSP, Dkt. No. 109-6 (E.D. Tex. Apr. 17, 2014).....................................6

*Pozen Inc. v. Par Pharm., Inc.*,
  Nos. 6:08-cv-437-Led-JDL, 6:09-cv-003, 6:09-cv-182, 2010 WL 11431483
  (E.D. Tex. June 8, 2010) ..........................................................................................................9

*Realtime Data, LLC v. Packeteer, Inc.*,
  No. 6:08-cv-144-LED-JDL, 2009 WL 4782062 (E.D. Tex. Dec. 8, 2009)......................4, 6, 7

*Rothschild Connected Devices Innovations, LLC v. Garmin Int'l, Inc.*,
  No. 2:17-cv-00158-JRG-RSP, 2017 WL 5972727 (E.D. Tex. Dec. 1, 2017) ........................10

*Saffran v. Johnson & Johnson*,
  No. 2:07-cv-0451 (TJW), 2009 WL 8491495 (E.D. Tex. Feb. 24, 2009) ............................4, 8

*Tech Pharm. Servs. v. Alixa Rx LLC*,
  No. 4:15-cv-766, 2017 WL 3318247 (E.D. Tex. Aug. 3, 2017)................................................6

*Whirlpool Corp. v. TST Water, LLC*,
  No. 2:15-cv-1528-JRG-RSP, 2016 WL 11260312 (E.D. Tex. Nov. 8, 2016)......................2, 6

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

**Other Authorities**

L.R. CV-7(h) ............................................................................................................. 9, 10

P.R. 3-3(b) .................................................................................................................. 2, 3

P.R. 3-6 ........................................................................................................................... 9

**I.     INTRODUCTION**

Google LLC's ("Google") invalidity contentions are fully compliant with the Local Patent Rules. Google set forth its anticipation theories in detail based on the 16 prior art references that Google charted on an element-by-element basis, its obviousness theories based on those 16 prior art references and motivations to combine, and its Section 112 theories in accordance with P.R. 3-3 and this District's precedent. Uniloc 2017 LLC ("Uniloc") also asserts without basis that Google *may in the future* decide to rely on uncited portions of identified prior art references, uncharted prior art, or undisclosed obviousness combinations without good cause. Uniloc failed to meet and confer with Google in advance of filing its Motion to Strike Defendant's Invalidity Contentions ("Motion"). The parties were not at an impasse. Thus, Uniloc's Motion should be denied.

**II.    BACKGROUND**

Pursuant to P.R. 3-3, Google served its invalidity contentions on July 15, 2019. Google's invalidity contentions included claim charts for 16 anticipatory prior art references. *See, e.g.*, Ex. A. Google also provided a chart that identified obviousness theories based on the charted references and explained motivations to combine for each of the obviousness theories. Dkt. No. 175-2 at 20–101. Google charted every prior art reference on which it intends to rely to support its contention that the asserted claims are invalid, mapping specific citations in the prior art to the claimed limitations. *Id.* at 17; *e.g.*, Ex. A.

Uniloc said nothing until December 31, 2019, over *five months* later, when Uniloc, for the first time, sent Google a letter that identified issues it perceived in Google's invalidity contentions. *See* Dkt. No. 175-3. On January 7, 2020, minutes before the parties' scheduled meet and confer on a number of topics, Uniloc emailed Google about Uniloc's alleged issues with Google's invalidity contentions. Ex. B. During the meet and confer, Google explained that the

parties had not previously discussed these alleged issues and that Google would provide a response to Uniloc's December 31 letter. Unikel Decl. ¶ 2. Uniloc stated that it wished to discuss the alleged issues during the parties' next meet and confer, scheduled for January 10, 2020. *Id.* At no point during the January 7 meet and confer did the parties substantively discuss the alleged issues with Google's invalidity contentions. *Id.* Uniloc did not raise Google's invalidity contentions during the parties' next meet and confer on January 10, despite its previous statement of intent to do so. *Id.* ¶ 3; Ex. C. On January 27, Google responded to Uniloc's December 31 letter. Ex. D. Google's response identified the specific obviousness combinations and the specific motivations to combine in its invalidity contentions. Id. at 2–3. Uniloc did not raise its alleged issues with Google's invalidity contentions on any subsequent meet and confer or in any correspondence prior to filing its Motion. Unikel Decl. ¶ 4.

### III.   ARGUMENT

#### A.   Google's Invalidity Contentions Are Consistent with the Local Patent Rules

Google has fully complied with its obligations under the Local Patent Rules and provided Uniloc with adequate notice of its invalidity theories. Uniloc does nothing more than identify its generic complaints without any specificity. This District, however, requires that "[w]hen moving to strike a defendant's invalidity contentions, plaintiffs must raise the alleged deficiencies *with particularity*, so that fair notice is given to the responding party." *Whirlpool Corp. v. TST Water, LLC*, No. 2:15-cv-1528-JRG-RSP, 2016 WL 11260312, at *1 (E.D. Tex. Nov. 8, 2016) (emphasis added). The alleged deficiencies in Google's contentions have no merit. Google has more than complied with the local rules governing invalidity contentions in this case, and therefore, Google respectfully requests that this Court deny Uniloc's Motion.

##### 1.   Google Properly Identified Its Obviousness Theories

Patent Rule 3-3(b) requires that for each instance where the accused infringer contends

that "a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified." Google has properly identified its obviousness combinations and its motivations to combine these references. Dkt. No. 175-2 at 20–101.

          a.      **Google's Obviousness Combinations Are Sufficiently Disclosed**

Google has identified the obviousness combinations in its Cover Pleading, where it has listed which references are to be combined to meet specific limitations in the asserted claims based on a theory of obviousness. Dkt. No. 175-2 at 20–21. Google identifies five primary references that it intends to combine with certain secondary references. *Id.*

To the extent Uniloc is arguing that Google's contentions, which identify five primary and eleven secondary references, are too voluminous to provide adequate notice, neither the Local Patent Rules nor case law provide any numerical limit for obviousness combinations. For example, in *Elbit Systems Land & C4I Ltd v. Hughes Network Systems, LLC*, this Court refused to strike invalidity contentions that listed 229 specific obviousness combinations for one of the asserted patents. No. 2:15-cv-37-RWS-RSP, 2016 WL 9307563, at *2–3 (E.D. Tex. Sept. 27, 2016). Identifying too many obviousness combinations cannot serve as the basis for striking Google's invalidity contentions under the Local Patent Rules and this Court's precedent.

Uniloc also argues that Google failed to specify "*how* it contends multiple references or alleged 'systems' may be combined for even one claim under a theory of obviousness." Mot. at 4. This, however, is not the test and has been expressly rejected by this Court. In *Elbit*, this Court rejected movants' argument that the Local Patent Rules required an accused infringer to "disclose *how* [the accused infringer] propose[s] the references should be combined—i.e., which elements from which references are being combined." 2016 WL 9307563, at *3. This Court further found that while "invalidity contentions must chart each reference individually and must

disclose which specific references are part of each obviousness combination," it "need not identify which reference supplies which limitation in the combination." *Id.* ("[C]ontentions are not intended to require a party to set forth a prima facie case, they need only provide fair notice." (citation and quotation marks omitted)).

Uniloc's cited cases—the same cases Google already addressed and distinguished in its January 27 letter to Uniloc—are inapposite. Unlike the numbers of combinations, or lack thereof, raised in *Realtime Data*, *Saffran*, and *Personal Audio*, Google's obviousness combinations are based on only 16 prior art references that are charted on an element-by-element basis and specifically identified in the Cover Pleading of Google's invalidity contentions. In contrast, the court in *Realtime Data* struck two prior art references from the accused infringer's summary judgment motion for invalidity because they were listed among over 500 prior art references in an appendix and not charted on an element-by-element basis in claim charts. *Realtime Data, LLC v. Packeteer, Inc.*, No. 6:08-cv-144-LED-JDL, 2009 WL 4782062, at *3 (E.D. Tex. Dec. 8, 2009). The *Saffran* court rejected the accused infringer's reliance on "language purporting to make the contentions merely illustrative," which Google is not doing here. *Saffran v. Johnson & Johnson*, No. 2:07-cv-0451 (TJW), 2009 WL 8491495, at *1 (E.D. Tex. Feb. 24, 2009).[1] Unlike Google, the accused infringer in *Personal Audio* relied on exemplary combinations. *Personal Audio, LLC v. Togi Entm't, Inc.*, No. 2:13-cv-13-JRG-RSP, 2014 WL 12617798, at *1 (E.D. Tex. Aug. 6, 2014).

Uniloc also contends that Google's obviousness combinations fail to provide notice of what combinations Google intends to assert at trial. But what prior art references Google intends

---

[1] To the extent Uniloc is arguing that Google must identify combinations that it anticipates to use at trial, *Saffran*, 2009 WL 8491495, at *1, that is exactly what Google did on July 15, 2019 at the P.R. 3-3 deadline. It charted five primary prior art references and eleven secondary prior art references it anticipated may be used at trial at that time. Dkt. No. 175-2 at 17–21.

to assert at trial is an issue separate and apart from whether Google's invalidity contentions comply with P.R. 3-3(b).[2] Uniloc cites to no support that P.R. 3-3(b) requires that Google's obviousness combinations must provide notice at the P.R. 3-3 deadline as to which specific combinations Google intends to assert at trial.

### b. Google Has Sufficiently Identified Its Motivations to Combine Its Identified References

Google's invalidity contentions also sufficiently describe the motivations to combine the charted prior art references. Google's Cover Pleading of its invalidity contentions describes in substantial detail these specific motivations to combine, which Uniloc ignored in its Motion. Dkt. No. 175-2 at 21–101. For example, Google explained that persons of ordinary skill in the art would have been motivated to combine prior art references that teach complementary technical features appearing in the asserted claims, such as "processing a sequence of animated pictures," "processing a sequence of animated pictures in which the screen windows are divided into X-Y parts," "processing a sequence of animated pictures in which X-Y parts are separately encoded," and "processing a sequence of animated pictures in which a specific label indicating a position of an X-Y part is associated and is encoded in random order." *Id.* at 22, 25, 29, 33. The Cover Pleading cites the portions of each of the charted references that support the teaching of these complementary technical features. *Id.* Google thereby tied specific motivations to combine to specific combinations, claims, and limitations, contrary to Uniloc's baseless claims. *See* Mot. at 9–10. Further, the Cover Pleading explains that the references in certain prior art combinations "occup[y] the same technological space and [are] directed to the same concepts and problems." Dkt. No. 175-2 at 36–37. Google provided this level of analysis for all of the charted primary and secondary reference combinations. *Id.* at 21–101. Uniloc's broad objections without identifying

---

[2] Any case narrowing necessarily occurs after, not before, the P.R. 3-3 disclosures.

with specificity its concerns fail to explain why the motivations to combine that Google identified are insufficient.[3]

This Court has refused to strike obviousness theories based on similar or even less disclosure of motivations to combine. In *Personal Audio*, for example, this Court refused to strike individual contentions, including some exemplary combinations and motivations to combine. 2014 WL 12617798, at *2. As an example, the motivation to combine for one of the limitations disclosed:

> 1. Media Files Representing Episodes
> For example, to the extent a reference discloses a media file but does not expressly disclose that the media file represents an episode in a series of episodes, a person of ordinary skill in the art ("POSITA") at the time of the alleged invention would have found it common sense that a media file could be an episode in a series of episodes because bits are bits whether the bits represent an episode in a series of episode or not. That is, there is nothing structurally different between a media file that represents an episode in series of episodes and a media file that does not represent such an episode. Thus, if such a reference does not anticipate, the reference would render the asserted claims obvious.

*Personal Audio, LLC v. Togi Entm't, Inc.*, No. 2:13-cv-13-JRG-RSP, Dkt. No. 109-6 at 30–31 (E.D. Tex. Apr. 17, 2014). In comparison, Google's motivations to combine, as explained above, are far more detailed. Even in the context of an expert report, Judge Mazzant refused to strike expert opinion where the expert "not only discusses each secondary reference but also . . . explains that the references are directed to the same field and addresses the same set of problems." *Tech Pharm. Servs. v. Alixa Rx LLC*, No. 4:15-cv-766, 2017 WL 3318247, at *3 (E.D. Tex. Aug. 3, 2017). This is exactly the type of detail Google provided in its contentions.

Uniloc's cases are also inapposite. Unlike in *Whirlpool*, it is undisputed that Google provided particular motivations to combine in its invalidity contentions. 2016 WL 11260312, at *1. *Realtime Data* is also distinguishable because Google is only relying on 16 prior art

---

[3] Since Uniloc fails to address any of the specific motivations to combine that Google included in its Cover Pleading, it should be precluded from addressing them in its Reply.

references, not 500 references or the knowledge of one of ordinary skill in the art. 2009 WL 4782062, at *3. Moreover, Uniloc does not dispute that Google submitted claim charts for each of the 16 prior art references on an element-by-element basis, unlike the movant in *Realtime Data. Id.* Uniloc also cites *Innogenetics, N.V. v. Abbott Laboratories*, where the court struck an invalidity expert report and where the expert relied on knowledge of one skilled in the art but failed to provide any motivation to combine. 512 F.3d 1363, 1373–74 (Fed. Cir. 2008). In contrast, Google has specifically provided its motivations to combine for the limitations of the asserted claims and is not relying on knowledge of one skilled in the art.

          **c.**      **Google Has Properly Identified Which Asserted Claims Are Met By Its Obviousness Combinations**

Contrary to Uniloc's allegation that Google's invalidity contentions "fail to provide sufficient notice concerning even *one specific* theory of obviousness for any claim of the '515 patent," Mot. at 9, Google has specifically identified that asserted claim 1 is met by its obviousness combinations and that each charted prior art reference qualifies as prior art under at least 35 U.S.C. §§ 102(a), (b), (e), and (g) and/or 103 as to the asserted claims of the '515 patent, which Uniloc wholly ignores. Dkt. No. 175-2 at 12–21. Thus, Google has properly identified which asserted claims are met by its obviousness combinations.

          **2.**      **Google's Section 112 Challenges Are Compliant With the Local Patent Rules**

Uniloc provides no support for its contention that Google's indefiniteness challenges against certain terms of the '515 patent should be stricken for not being raised during claim construction proceedings. Mot. at 12. Google's identification of limitations governed by Section 112 complied with the Local Patent Rules. See Dkt. No. 175-2 at 102–04. Uniloc can point to no authority barring Google from raising indefiniteness challenges outside of the context of claim construction. Google's Section 112 challenges are adequately disclosed and should not be

stricken.

### 3. Voluminous Contentions Are Not Evidence of Lack of Notice or Specificity

Uniloc contends that Google's invalidity contentions fail to provide sufficient notice and specificity because Google's contentions are voluminous. However, Uniloc does not identify with particularity any alleged deficiencies in Google's claim charts. As discussed above, Uniloc does not dispute that Google charted 16 prior art references on an element-by-element basis. Uniloc's sole case, *Saffran*, is distinguishable because the bases for striking the invalidity contentions there were due to a lack of notice of obviousness combinations and the use of exemplary language, not based on the number of pages alone. 2009 WL 8491495, at *1. Here, Google sufficiently identified obviousness combinations and Google does not intend to rely on any exemplary or reservation of rights language. Not only does Uniloc know which portions of each prior art reference Google is relying on for each claim element, it also knows which prior art references, obviousness combinations, and motivations to combine can be presented at trial.

### 4. Google Has Adequately Asserted Its Anticipation Theories

Uniloc contends that Google's claim charts are deficient because they do not include narrative responses. But the Local Patent Rules do not require Google to provide narrative responses in its invalidity contentions. Google charted each of its 16 anticipatory references on an element-by-element basis, providing specific cites to the art, including quotes from the art, that Google intends to rely on to support its contention that the element is anticipated by the art. While the accused infringer in *Anascape, Ltd. v. Microsoft Corp.* merely listed the art at issue in a claim chart "among a long list of other references" and "fail[ed] to explain specifically where element of each asserted claim is found" in the art, No. 9:06-cv-158, 2008 WL 7180756, at *1–4 (E.D. Tex. May 1, 2008), Google charted each reference in its obviousness combinations on an

element-by-element basis, which Uniloc does not dispute. *Pozen* and *CyWee* are distinguishable as the invalidity contentions there were stricken based on the use of reservation of rights or boilerplate language. *Pozen Inc. v. Par Pharm., Inc.*, Nos. 6:08-cv-437-Led-JDL, 6:09-cv-003, 6:09-cv-182, 2010 WL 11431483, at *8 (E.D. Tex. June 8, 2010); *CyWee Grp. Ltd. v. Samsung Elecs. Co.*, No. 2:17-cv-140-WCB, 2018 WL 4100760, at *2 (E.D. Tex. July 2, 2018). Google's anticipation theories fully comply with P.R. 3-3.

Uniloc's continued accusation that Google is attempting to rely on undisclosed references for its anticipation theories is meritless based on Google's indication that it does not intend to do so without good cause. *See* Dkt. No. 175-2 at 1–2. It is not improper to rely on reservation of right that is contingent on good cause. *See, e.g.*, *Medtronic, Inc. v. AGA Med. Corp.*, No. C-07-0567 MMC (EMC), 2009 WL 513370, at *4 (N.D. Cal. Mar. 2, 2009) (finding reservation of right to amend invalidity contentions consistent with Patent Local Rule 3-6); *see also 0912139 B.C. Ltd. v. Rampion USA Inc.*, No. C18-1464-JLR, 2019 WL 3082290, at *2–3 (W.D. Wash. July 15, 2019). Indeed, Uniloc made the same reservation of right in its infringement contentions cover pleading. Dkt. No. 110-5 at 1–4. Thus, Google's reservation of right contingent on good cause should not be stricken.

  **B.**  **Uniloc Failed to Comply With Procedural Requirements**

Uniloc failed to satisfy applicable procedural requirements before filing its motion. Local Rule CV-7(h) requires a "personal conference" between the attorneys for the parties before any opposed motion is filed. The rule provides parameters for the "personal conference":

> In the personal conference, the participants must give each other the opportunity to express his or her views concerning the disputes. The participants must also compare views and have a discussion in an attempt to resolve their differing views before coming to court. Such discussion requires a sincere effort in which the participants present the merits of their respective positions and meaningfully assess the relative strengths of each position.

L.R. CV-7(h). The parties must conclude "in good faith" that they have reached an impasse before an opposed motion may be filed. *Id.* The rule further explains that "correspondence, e-mails, and facsimile transmissions do not constitute compliance with the substantive component and are not evidence of good faith." *Id.* In the absence of the required "personal conference" and impasse, the rule states that "a request for court intervention is not appropriate." *Id.*; *see also Rothschild Connected Devices Innovations, LLC v. Garmin Int'l, Inc.*, No. 2:17-cv-00158-JRG-RSP, 2017 WL 5972727, at *4 (E.D. Tex. Dec. 1, 2017) ("[T]he record lacks any evidence of a meaningful discussion—or attempts by [the movant] at a meaningful discussion—concerning the merits of the present motion. For that reason alone, the motion should be denied.").

Here, the parties never had a conference to discuss the substance of Uniloc's allegations with respect to Google's invalidity contentions. On January 7, 2020, minutes before a scheduled meet and confer on other topics, Uniloc emailed Google about including the allegations from Uniloc's December 31 letter on the outline for the meet and confer. Ex. B. During the meet and confer, counsel for Google explained that the parties had not previously discussed these alleged issues and promised to provide a response to Uniloc's December 31 letter. Unikel Decl. ¶ 2. Uniloc deferred these issues to the parties' next meet and confer, scheduled for January 10, 2020. *Id.* At no point during the January 7 meet and confer did the parties discuss the substance of Google's invalidity contentions. *Id.* Uniloc did not raise Google's invalidity contentions during the parties' next meet and confer on January 10, despite its previous statement of intent to do so. *Id.* ¶ 3; Ex. C. Nor did Uniloc raise its alleged issues with Google's invalidity contentions on any subsequent meet and confer prior to filing its Motion. Unikel Decl. ¶ 4. Because Local Rule CV-7(h) requires that the parties have a substantive discussion and conclude "in good faith" that they have reached an impasse before filing an opposed motion, Uniloc's motion should be denied as

procedurally deficient.

### C. There Is No Basis Or Need to Strike Google's Invalidity Contentions

"[C]ourts are hesitant to strike contentions absent evidence of unreasonable delay and prejudice." *Mobility Workx, LLC v. Cellco P'ship*, No. 4:17-cv-00872, 2019 WL 5721814, at *18 (E.D. Tex. Nov. 5, 2019) (finding that "striking invalidity contentions is an extreme decision comparable to determining whether evidence should be excluded for discovery violations" (citation and quotation marks omitted)). Uniloc has not shown any evidence of unreasonable delay or prejudice. To the extent there is any delay, Uniloc has no one to blame but itself for waiting for over five months to raise any alleged deficiencies. As for prejudice, Uniloc fails to identify any concrete prejudice it would suffer if the Court does not strike Google's invalidity contentions. Even when it finally did raise issues with Google's invalidity contentions, its identified concerns that, for example, Google *may* rely on unidentified combinations are entirely speculative.

### IV. CONCLUSION

For the foregoing reasons, Google respectfully requests that Uniloc's Motion be denied.

DATED:  February 18, 2020            Respectfully submitted,

                                         By:  */s/ Robert Unikel*
                                              Robert Unikel
                                              robertunikel@paulhastings.com
                                              Michelle Marek Figueiredo (IL Bar #6297112)
                                              michellemarek@paulhastings.com
                                              Matthew Richard Lind (IL Bar #6327241)
                                              mattlind@paulhastings.com
                                              John A. Cotiguala (IL Bar #6311056)
                                              johncotiguala@paulhastings.com
                                              **PAUL HASTINGS LLP**
                                              71 South Wacker Dr., 45th Floor
                                              Chicago, IL 60606
                                              Telephone: (312) 499-6000
                                              Facsimile: (312) 499-6100

Elizabeth L. Brann (CA Bar #222873)
elizabethbrann@paulhastings.com
Ariell Nicole Bratton (CA Bar #317587)
ariellbratton@paulhastings.com
**PAUL HASTINGS LLP**
4747 Executive Drive, 12th Floor
San Diego, CA 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

Robert Laurenzi (NY Bar #3024676)
robertlaurenzi@paulhastings.com
**PAUL HASTINGS LLP**
200 Park Avenue, 26th Floor
New York, NY 10166
Telephone: (212) 318-6000
Facsimile: (212) 318-6100

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
E. Glenn Thames, Jr.
State Bar No.00785097
glennthames@potterminton.com
Patrick C. Clutter
State Bar No. 24036374
patrickclutter@potterminton.com
**POTTER MINTON, P.C.**
110 N. College Ave., Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

*Attorneys for Defendant Google LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on February 18, 2020. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

        */s/ Robert Unikel*
        Robert Unikel